April 20, 1906.

————o————

No. 3891.

(Court of Appeal, Parish of Orleans.)

M. AND J. MACHECA vs. JOHN L. DIASSELLIS.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "D."

H. H. Hall; for Plaintiff and Appellant.

W. S. Parkerson, for Defendant and Appellee.

DUFOUR, J. The petition in this case alleges that, on or about November 12th, 1901, the plaintiffs entered into two similar contracts in writing by which they obligated themselves to pay him respectively the sum of $8080.65-100, for furnishing the labor necessary to finish and construct the steel framing, carpenter's and joiner's work required in the erection and completion of a seven story building for said plaintiffs on Canal Street between Carondelet and Baronne Street, according to certain plans and specifications referred to in said contract and further to pay Diassellis $3018.87-100 for the supervision of said work.

That the contract provided that the defendant should accept in part payment of the said contract of supervision a certain hoisting engine, derrick and tools, which your petitioner undertook to purchase for his account in order to enable him to carry on the said work.

That Diassellis received on account of the said supervision the sum of $1712.50-100 tools to the full value of $1689.12-100, and on account of said erection contract the full sum of $9566.10-100, or a total of $12,967.72-100 from which should be deducted the cost of certain tarpaulins, etc, $240, leaving a net balance received by him of $12,727.72-100 being a sum in excess of his contracts for $11,107.52-100, of $1620.20-100, for which repetition is now sought.

The answer admits the execution of the contract and claims in reconvention the sum of $1129.51-100. It avers that among the stipulations of the contract is the following: "Should the proprietor at any time during the progress of the work require any alteration of, deviation from, addition to, or omissions in the said contract, he shall have the right and power to make such change or changes and the same shall in no wise injuriously affect or make void the contract, but the difference for work omitted or added shall be based on agreed prices as annex list." It is further averred that from time to time, alterations, additions and omissions were made in the work by the defendant under instructions and by agreement with the pro-

prietor and that the account between them stands as follows:

"To erection account as per contract ..............$  8,088.65
To extra erection account as per sheets 1 to 4 on
    itemized bill annexed .......... .... ........  4,033.68

                                             $12,122.33

By credit for one engine ........................  1,200.00
By credit as per credit sheets 1 to 2......:.........  1,499.70
By credit for hauling engine ....................  15.00

                                             11,079.30

        Balance due on erection account ............  $1,043.03

To commission account as per contract ............$  3,018.87
To commission on $2,582.76 extra at 5 per cent ....  129.13

                                           $3,148.00
By cash on commission account as per credit sheet...  1,714.65
By cash for one engine ........................  1,200.00
By credit bill paid American H. & D. Co..........  197.65

                                           $3,110.30

Balance due on commission account ..............  37.70
Balance due on erection account ...............  1,043.03
Extra lumber for shed ........................  32.78
Two tarpaulins .......... .....:..... ..... .....  16.00

                                           ———

   Total balance due .......... .... ..............  $1,129.51

For which judgment is asked in reconvention.
The schedule of agreed prices referred to is as follows:
"Add or deduct—
1 cent per lineal foot grounds.
50 cents per square stud partitions.
$3.00 per window frame, exterior brick wall.

$6.00 interior triple frames, one door frame and window each side.

$4.50 interior twin window frames.

$5.25 interior twin frames, door and windows.

$3.00 per interior door frames and transoms.

$1.00 per lavatory door.

1 cent per lineal foot for picture moulding.

1 cent per lineal foot chair rail.

3 cents per lineal foot for bases or shoes.

5 cents per lineal foot for wire boxing in hall."

According to the testimony of Diassellis the drawing and plans for the alterations, additions and omissions were sent him by Toledano, plaintiff's architect, through one of his employees, Schexnaider. With very few exceptions the charges were in accordance with the specified prices. He supervised the work and saw all the changes that were made, and a number of plans and sketches in the record shows the nature of the alterations which he was from time to time instructed to make in order to meet the wishes and requirements of the various prospective tenants of the various offices in the building. For all of the items that were covered by the schedule he charged schedule prices, and for such items as were not thereby covered he figured a fair cost.

The testimony of Diassells is not contradicted in any essential particular. Schexnaider was not examined and Toledano's version, except as to one fact, is not in reality a contradiction. The latter presents an account based upon the difference of work between the original plan and the completed building. He ignores that fact that in several instances, alterations were made two or more times in the same offices, and his measurements and calculations thus based on false promises are not persuasive.

It would be tedious, as well as useless to discuss in detail the numerous items in controversy; the task of examining them in the light of the oral testimony has been sufficiently tedious.

Only four of these need be specially referred to.

In reference to the $121 for extra work on stairs to roof,

we concur with the following views of the District Judge.

"An examination of the plan of floor No. 7 shows that a staircase to the roof was therein provided for; and it is immaterial whether the same was to be of wood or iron, in as much as defendant had contracted to do both the steel framing and the carpenter's and joiner's work. He must necessarily have had the plans, for the purpose of putting up these stairs and they were a necessary part of the building, being the only means shown by which the roof could be reached. It is agreed and stipulated in the contract "that the specifications and drawings are intended to co-operate, so that any work exhibited in the drawings, but not mentioned in the specifications, or *vice versa,* is to be executed the same as if mentioned in both specifications and drawings."

The item of $142 for extra labor in laying a 5-¼ sub-floor, instead of an 8 inch floor as specified, rejected below, should be allowed. While it may be true that, the change was made on defendant's suggestion the plaintiff agreed to it, and Diassellis says that "there is a difference in the price; Macheca gets the benefit of that lumber, and I charged the difference between what they bought and what the specifications called for to be laid."

The balance of commission on extra work of $37 should have been allowed; several such payments were made and this amounts to a construction of the contract by the plaintiff.

The item of $287.20-100, reduced by a subsequent itemized account to $284.63-100 for "extra altering mill work to suit different offices that were changed and separating frames together" cannot be allowed. The account does not give any measurements but merely working time, although the work falls under the schedule, and Diassellis says that "the foreman kept the time and when the building was completed he turned it over to me, and I made the charges accordingly."

Under the foregoing the account stands as follows.

Amount of balance claimed:

On reconventioned demand ..................... $1129.51

Less item for stairs ................. ...... $121.00
Less item for mill work ............. ...... 287.20

$408.20

The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of defendant and against the plaintiffs dismissing their demand with costs of lower Court.

It is further ordered, adjudged and decreed that there be further judgment in favor of defendant and against the plaintiffs in the sum of $721.31-100 with interest and costs in the lower Court, defendant and appellee to pay costs of appeal.